UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M.W., a minor,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:13-cv-0867 DAD<br><br><br>ORDER |

　　　　Plaintiff's mother, proceeding pro se, has filed on behalf of plaintiff a complaint pursuant to 42 U.S.C. § 405(g) and a request under 28 U.S.C. § 1915 to proceed in forma pauperis. According to the complaint, however, plaintiff is a minor. Because plaintiff is a minor this action cannot proceed without the appointment of a guardian ad litem. See FED. R. CIV. PRO. 17(c); see also Watson v. County of Santa Clara, 468 F. Supp.2d 1150, 1155 (N.D. Cal. 2007); E.D. Cal. Local Rule 202.

　　　　Moreover, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San

1  Diego, 114 F.3d 874, 877 (9th Cir. 1997). "'[I]t is not in the interest of minors . . . that they be
2  represented by non-attorneys.  Where they have claims that require adjudication, they are entitled
3  to trained legal assistance so their rights may be fully protected.'"  Id. at 876-77 (quoting Osei-
4  Afriyie v. Medical College, 937 F.2d 876, 882-83 (3d Cir. 1991)).  In this regard, plaintiff must
5  be represented by counsel if this action is to proceed.
6        Accordingly, IT IS HEREBY ORDERED that plaintiff shall file a motion for the
7  appointment of a guardian ad litem and have counsel appear in this action within thirty days of
8  the date of this order.
9  Dated: September 28, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ddad1/orders.soc sec/amw0867.ifp.docx

2