1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    A.M.W., a minor,                              No.  2:13-cv-0867 DAD

12                 Plaintiff,

13          v.                                       ORDER

14    CAROLYN W. COLVIN, Commissioner
      of Social Security,

15

16                 Defendant.

17

18          Plaintiff's mother, proceeding pro se, has filed on behalf of plaintiff a complaint pursuant

19    to 42 U.S.C. § 405(g) and a request under 28 U.S.C. § 1915 to proceed in forma pauperis.

20    According to the complaint, however, plaintiff is a minor.  Accordingly, on September 30, 2013,

21    the court issued an order ordering plaintiff to file a motion for the appointment of a guardian ad

22    litem and to have counsel appear in this action within thirty days.  The thirty-day period of time

23    has long since passed and the court has received no response to the September 30, 2013 order.[1]

24          As noted in the September 30, 2013 order, because plaintiff is a minor this action cannot

25    proceed without the appointment of a guardian ad litem.  See FED. R. CIV. PRO. 17(c); see also

26    Watson v. County of Santa Clara, 468 F. Supp.2d 1150, 1155 (N.D. Cal. 2007); E.D. Cal. Local

27    ───────────────────────
      [1]  Nor has the minor plaintiff's mother, who signed the complaint filed with the court,
28    communicated with the court in any way since that order was issued.

                                                    1

Case 2:13-cv-00867-DAD   Document 4   Filed 01/27/14   Page 2 of 2

Rule 202.  Moreover, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").  Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  "'[I]t is not in the interest of minors . . . that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.'" Id. at 876-77 (quoting Osei-Afriyie v. Medical College, 937 F.2d 876, 882-83 (3d Cir. 1991)).

Accordingly, because plaintiff is a minor proceeding without a guardian ad litem and in light of plaintiff's failure to respond to the court's September 30, 2013 order it does not appear that plaintiff wishes to proceed with this action through counsel and a guardian ad litem, IT IS HEREBY ORDERED that this action is dismissed without prejudice.

Dated:  January 24, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ddad1/orders.soc sec/amw0867.dism.ord.docx

2